NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA GUADALUPE ROSALES MARTINEZ; GUADALUPE VICTORIA SALAZAR ROSALES; MANUEL ALEJANDRO SALAZAR ROSALES,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1980<br><br>Agency Nos.<br>A202-177-973<br>A202-177-974<br>A202-177-975<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2023[**]
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and SANCHEZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioners Maria Guadalupe Rosales Martinez (Rosales) and her minor children, natives of Mexico, seek review of the decision of the Board of Immigration Appeals (BIA) dismissing their appeal of an Immigration Judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]

We have jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo and the agency's factual findings, including credibility determinations, for substantial evidence. *Singh v. Garland*, 57 F.4th 643, 651–52 (9th Cir. 2022). "To prevail under the substantial evidence standard, the petitioner must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (quotation marks and citation omitted). Where, as here, the BIA adopts an IJ's findings as its own and "expresses no disagreement with the IJ's decision, we review the IJ's order as if it were the BIA's." *See Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011).

---

[1] Rosales's minor children were listed as derivatives on her application pursuant to 8 U.S.C. § 1158(b)(3)(A). The children also filed separate, independent applications. However, their applications were based on the same facts and experiences set forth in Rosales's petition. Because Rosales's minor children rely on the same evidence for their applications, our analysis is the same for all Petitioners.

We deny the petition as to Rosales's asylum and withholding-of-removal claims, because substantial evidence supports the IJ's adverse credibility finding. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184–85 (9th Cir. 2016). The IJ reasonably concluded that there were material inconsistencies between Rosales's written declaration and her testimony regarding (1) the sources and forms of threatening communications Rosales received; (2) why competing cartels allegedly made the same threats from the same phone number; (3) whether Rosales reported the threats to the police; and (4) the circumstances of her reunification with the father of her children in a small Washington state town. Rosales was evasive or unresponsive when confronted about these inconsistencies. This record does not "*compel*" a conclusion that Rosales was credible. *See Silva-Pereira*, 827 F.3d at 1185–86 (emphasis added); *see also Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).

Rosales's argument that the IJ improperly failed to explain its reasoning in denying the withholding-of-removal claim is unpersuasive, because the IJ stated on the record that his adverse credibility finding was the basis for his decision. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (affirming the agency because "the IJ established a legitimate, articulable basis to question Farah's credibility and offered specific, cogent reasons for disbelief as required under our law"). Accordingly, we also affirm the BIA's determination on Rosales's

withholding of removal claim. *See id.* ("Because we affirm the BIA's determination that Farah failed to establish eligibility for asylum, we also affirm the denial of Farah's application for withholding of removal.").

Though the adverse credibility determination did not "necessarily defeat [her] CAT claim," *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014), Rosales does not identify independent record evidence that "meet[s] the high threshold of establishing that it is more likely than not that [she] will be tortured by or with the consent or acquiescence of a public official," *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017). She therefore has not "establish[ed] entitlement to protection under CAT." *Plancarte Sauceda*, 23 F.4th at 834.

**PETITION DENIED.**